UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNEKE ANDERSON**     **REG. # 32079-034** | **:** | **DOCKET NO. 19-cv-01329**     **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN FCI OAKDLE** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Johneke Anderson on October 9, 2019. Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

**I.**
**BACKGROUND**

At the time of the filing of his petition, Anderson was serving a sentence imposed on March 20, 2019, by the United States District Court for the Eastern District of Louisiana. Doc. 1, p. 1, ¶ 4. He contends that the Bureau of Prisons ("BOP") erroneously calculated his sentence, depriving him of 376 days of jail credit. *Id*. at p. 6, ¶ 13.

On December 16, 2019, the undersigned ordered Anderson to amend his petition to provide additional information regarding his claims. Doc. 3. Anderson has not filed an amended complaint. According to the Bureau of Prisons Inmate Locator, Anderson was released on January 13, 2020. See https://www.bop.gov/inmateloc/. He did not inform the Court of an address change.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Anderson has failed to comply with an Order directing him to amend his petition. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Petitioner did not inform the Court of an address change within thirty days of his release.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Anderson's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 27th day of April, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE